UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDWIN WILLIAMS, on behalf of himself and all others similarly situated,

Plaintiff,

v.

OUTDOOR VOICES, INC and CONSORTIUM BRAND PARTNERS LLC,

Defendants.

---

Docket No.25-9579

**FIRST AMENDED CLASS ACTION COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, EDWIN WILLIAMS**,** ("Plaintiff" or "Mr. Williams"), on behalf of himself and all others similarly situated (collectively, "Plaintiffs"), by and through their undersigned counsel, JOSEPH & NORINSBERG, LLC, as and for their putative class action complaint upon Defendants, OUTDOOR VOICES, INC. and its owner, CONSORTIUM BRAND PARTNERS LLC, ("Defendants"), hereby alleges as follows:

## INTRODUCTION

1. Plaintiff Edwin Williams ("Plaintiff" or "Mr. Williams") is a legally blind individual whose central visual acuity with correction is less than or equal to 20/200, as documented in Exhibit A – Medical Diagnosis of Best Disease (Vitelliform Macular Dystrophy), dated March 4, 2025. Mr. Williams relies on screen reading software, magnification tools, and keyboard-based navigation to access digital content and navigate websites. Despite his visual impairment, Mr. Williams is an active participant in online commerce and enjoys shopping for apparel and gifts where accessible platforms allow. He uses the terms "blind" and "visually

impaired" interchangeably to describe his condition, which limits but does not eliminate his engagement with digital environments.

2. Plaintiff brings this action against Outdoor Voices, Inc. and Consortium Brand Partners LLC for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. Outdoor Voices is a national retailer of activewear and lifestyle apparel, with a public-facing website www.outdoorvoices.com**.** The website is functionally integrated with the company's retail ecosystem, including product browsing, purchasing, promotional content, and customer support. Plaintiff attempted to access these services but was prevented from doing so due to persistent accessibility barriers.

3. Plaintiff is legally blind and relies on screen reader technology to navigate digital interfaces. He attempted to access Defendants' website, www.outdoorvoices.com, to browse and purchase apparel products for himself and as gifts for family members. On multiple occasions in October 2025, Plaintiff encountered widespread accessibility barriers documented by a Wave scan, including 182 errors on the Women's New Arrivals section. These barriers included unlabeled buttons, missing alternative text, inaccessible pop-ups, and improper heading structures, all of which violate the Web Content Accessibility Guidelines (WCAG) 2.1 Level AA, the recognized industry standard for digital accessibility. Plaintiff remains eager to return to the site once it is remediated, as it offers apparel and gift items that align with his specific needs and interests. Exhibit B

4. Plaintiff brings this civil action against Defendants for their failure to design, construct, maintain, and operate the Defendants' Website to be fully accessible to and independently usable by Plaintiff and other blind or visually impaired people. Defendants' denial

of full and equal access to the Website, www.outdoorvoices.com, and therefore its denial of the goods and services offered thereby, is a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

5. According to the U.S. Census Bureau (2010), approximately 8.1 million people in the United States are visually impaired, including 2.0 million who are blind. The American Foundation for the Blind's 2015 report estimates that approximately 400,000 visually impaired persons reside in New York State.

6. Congress has issued a clear national mandate to eliminate discrimination against individuals with disabilities. This includes barriers to full integration, independent living, and equal opportunity—barriers perpetuated by websites and other public accommodations that remain inaccessible to blind and visually impaired persons. New York State and New York City law similarly require places of public accommodation to ensure access to goods, services, and facilities by making reasonable accommodations for persons with disabilities.

7. Defendants have operated its public-facing digital platform since launch, offering apparel products to a nationwide consumer base. Despite its commercial success and brand visibility, Defendants have failed to implement WCAG-compliant features across its Website. Multiple accessibility audits conducted by Plaintiff's counsel confirm persistent violations, including missing alternative text, unlabeled form fields, keyboard navigation traps, lack of ARIA roles, and absence of skip links or semantic landmarks. Defendants' failure to remediate—despite clear federal guidance and ample opportunity—reflects a sustained and knowing disregard for the rights of individuals with disabilities.

8. Plaintiff is deeply invested in maintaining independence in online shopping and

relies on product transparency to make informed purchasing decisions. He specifically sought out Defendants' Website because of its reputation for accessible activewear, lifestyle branding, and affordability. Plaintiff attempted to browse the Website to learn about product details, select apparel items as holiday gifts, and complete a purchase. However, unless Defendants remedy the numerous access barriers, Plaintiff will continue to be unable to independently navigate, browse, use, and complete a transaction. Defendants' denial of equal access to its Website constitutes unlawful discrimination under the ADA.

9. Plaintiff seeks a permanent injunction requiring Defendants to revise its corporate policies, practices, and procedures to ensure that both its Website and its brick-and-mortar retail stores become and remain accessible to blind and visually impaired users. Such relief is necessary to guarantee equal participation in the digital and physical marketplace and to prevent Defendants from continuing to exclude individuals with disabilities from its online retail services and its New York store.

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12182 because Plaintiff's claims arise under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182 et seq.

11. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims, including those under the New York State Human Rights Law, Article 15 (Executive Law § 290 et seq.) ("NYSHRL"); the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq., ("NYCHRL") and § 296 et seq.; and the New York State Civil

Rights Law, Article 4, §§ 40-c and 40-d ("NYCRL").

12. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because Defendants conduct substantial and continuous business in this District through its interactive website, www.outdoorvoices.com. Plaintiff accessed and attempted to use the Website from his residence in New York County, which falls within the Southern District of New York. A significant portion of the discriminatory conduct giving rise to this action occurred within this District.

13. Courts routinely support venue placement in the district where the plaintiff attempted and failed to access the public accommodation. See, *Chloe NA v. Queen Bee of Beverly Hills, LLC.*, 616 F.3d 158 (2d Cir. 2010); *Reed v. 1-800-Flowers.com, Inc.*, 327 F. Supp. 3d 539 (E.D.N.Y. 2018); *Andrews v. Blick Art Materials, LLC.*, 286 F. Supp. 3d 365 (E.D.N.Y. 2017); see also *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017 (2021). In *Access Now, Inc. v. Otter Products, LLC*, 280 F. Supp. 3d 287 (D. Mass. 2017), Judge Patti B. Saris held that "although the website may have been created and operated outside of the district, the attempts to access the website in Massachusetts are part of the sequence of events underlying the claim." Id. at 294. This satisfies Due Process because the harm—the barred access—occurred within the forum. Id. at 293. Here, Plaintiff's attempts to access www.outdoorvoices.com from New York County, firmly establish venue in this District.

14. Similarly, in *Access Now, Inc. v. Sportswear, Inc.*, No. 17-cv-11211 NMG, 2018 U.S. Dist. LEXIS 47318 (D. Mass. Mar. 22, 2018), Judge Nathaniel M. Gorton found that the defendant "availed itself of the forum state's economic activities by targeting the residents of the Commonwealth … Such targeting evinces a voluntary attempt to appeal to the customer base in

the forum." Id. at *11. Defendants here have availed itself of New York's economic activities by maintaining a retail store in Manhattan and targeting New York consumers through www.outdoorvoices.com.

15. Accordingly, jurisdiction and venue are proper in this District because Plaintiff resides here, Defendants conduct business here through both its website and its New York retail store, and the discriminatory conduct occurred here.

## THE PARTIES

16. Plaintiff, EDWIN WILLIAMS, is and was at all relevant times a resident of New York County, New York.

17. Plaintiff is legally blind and visually impaired, qualifying as an individual with a disability under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102(1)-(2), its implementing regulations at 28 C.F.R. §§ 36.101 et seq., and the New York City Human Rights Law ("NYCHRL"). He has no light perception in her right eye and visual acuity below 20/200 in her left eye, as certified by Dr. Michelle Bangiyev, OD, of Pelham Gardens Eye Associates. Plaintiff is unable to read printed materials and relies exclusively on screen-reading software, including NonVisual Desktop Access ("NVDA"), to access digital content. He has completed formal orientation and mobility training through Lighthouse Guild programs and remains highly motivated to maintain independence through assistive technology.

18. Upon information and belief, Defendant **OUTDOOR VOICES, INC.** is a Delaware corporation with its principal place of business located in Austin, Texas. Defendant maintains a business mailing address at 215 Park Avenue South, Suite 1801, New York, New York 10003. Defendant owns and operates the website **www.outdoorvoices.com**, which offers

consumers nationwide access to apparel products, promotional content, and customer support, including to residents of New York.

19. Defendant Consortium Brand Partners LLC ("Consortium") is a limited liability company organized and existing under the laws of the State of Delaware, with its registered agent for service of process located at Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808. Consortium acquired Outdoor Voices in 2024 and, as the successor entity, owned and operated Outdoor Voices at all times relevant to this action. Both Outdoor Voices and Consortium may be served with process at Corporation Service Company 251 Little Falls Drive, Wilmington, Delaware 19808.

20. Defendants' website is functionally integrated with its retail ecosystem, serving as a gateway for browsing inventory, locating stores, and completing purchases. Outdoor Voices exercises control over the design, coding, and operation of www.outdoorvoices.com, which is maintained by its internal digital teams. Despite prior settlements of ADA website accessibility cases in 2020, Defendants have failed to remediate its website, leaving pervasive accessibility barriers in place. Defendants' presence in New York — through its interactive website — establishes that it conducts substantial and continuous business in this District and is subject to the jurisdiction of this Court.

## NATURE OF ACTION

21. This action arises under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., challenging Defendants' operation of a public-facing website that denies blind and visually impaired individuals full and equal access. Plaintiff, a legally blind resident of this District, attempted to access Defendants' website using screen-reading software but encountered

multiple access barriers that prevented meaningful engagement with its services. Defendants' failure to design and maintain its website in accordance with the Web Content Accessibility Guidelines (WCAG 2.1) constitutes unlawful discrimination and violates federal accessibility standards.

22. Defendants' website functions as a commercial place of public accommodation subject to Title III of the ADA and the NYCHRL. At all relevant times, Defendants OUTDOOR VOICES, INC and CONSORTIUM BRAND PARTNERS, have maintained control over the design, coding, and digital infrastructure of the Website and are responsible for ensuring its compliance with applicable accessibility standards, including the Web Content Accessibility Guidelines ("WCAG") 2.1 Level AA. Although the Website includes nominal references to accessibility, it lacks meaningful ARIA labeling, semantic structure, and keyboard operability across key interactive features. These deficiencies render the Website inaccessible to blind users and place Defendants on constructive notice of noncompliance.

23. The Internet has become a vital source of information and a primary tool for conducting everyday activities such as shopping, learning, banking, researching, and communicating—for sighted, blind, and visually impaired individuals alike. Without accessible digital access, blind consumers are unable to locate, evaluate, or independently shop at Defendants' physical stores.

24. In today's digital environment, blind and visually impaired individuals access websites using keyboards in conjunction with screen access software that vocalizes visual content or displays it on a refreshable Braille device. This technology, known as screen-reading software, is currently the only method by which blind or visually impaired persons may independently

access the Internet. Unless websites are properly coded to interface with screen-reading software, blind and visually impaired users are unable to fully access the information, products, and services offered online.

25. Plaintiff EDWIN WILLIAMS is a blind, visually impaired individual and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), its implementing regulations at 28 C.F.R. §§ 36.101 et seq., and the NYCHRL. He relies exclusively on screen-reading software such as NVDA to access digital content and has completed formal training through Lighthouse Guild programs to maintain independence through assistive technology.

26. Plaintiff attempted to access Defendants' website on multiple occasions from his residence in New York County, including on October 12, 2025, and October 20, 2025. During these visits, he sought to browse product offerings, evaluate apparel items, and complete purchases for family members as holiday gifts. However, he encountered persistent access barriers—including unlabeled buttons, inaccessible form fields, broken keyboard navigation, missing alt text, and inaccessible pop-ups—that prevented him from completing any transaction without sighted assistance.

27. These barriers are documented in independent accessibility audits conducted by Plaintiff's counsel: (1) a SortSite validation report identifying WCAG 2.1 Level A and AA violations across hundreds of pages; (2) a broken link report confirming inaccessible navigation paths and failed HTTP targets; and (3) a WAVE evaluation showing 182 errors on the Women's New Arrivals section alone, including missing alternative text, contrast errors, and redundant links. These reports place Defendants on constructive notice of noncompliance and confirm that the Website remains inaccessible to blind users.

28. Plaintiff was specifically interested in purchasing the Waffle Baby Tee, RecTrek Pant, Candy Fleece Vest, and Energy Dress, all marketed as lifestyle apparel items suitable for family gifts. Due to the Website's failure to provide accessible product descriptions, navigable purchase flows, and properly labeled interactive elements, Plaintiff was unable to independently evaluate or purchase any of these items.

29. Plaintiff selected Outdoor Voices over other apparel brands because of its reputation for lifestyle branding, affordability, and unique product offerings. He remains interested in purchasing these products and intends to return to the Website once it is remediated. Defendants' ongoing failure to provide equal access constitutes a denial of goods and services and causes ongoing deterrence.

30. Plaintiff has suffered concrete harm, including exclusion, frustration, and loss of autonomy. These injuries are directly traceable to Defendants' conduct and are redressable through injunctive relief. Plaintiff's encounters with Defendants' inaccessible Website demonstrate standing under Title III of the ADA: he attempted to access the Website on multiple occasions, was deterred by systemic barriers, remains eager to return once it is accessible, and was prevented from locating and shopping at Defendants' brick-and-mortar store due to the Website's failures.

## CLASS ACTION ALLEGATIONS

31. Plaintiff EDWIN WILLIAMS brings this action on behalf of himself and all others similarly situated, seeking certification of a nationwide class under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the United States who have attempted to access **www.outdoorvoices.com** or were denied equal access to its products, services, and support due

to persistent accessibility barriers during the relevant statutory period.

32. Plaintiff also seeks certification of a New York Subclass under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals residing in the City and State of New York who have attempted to access **www.outdoorvoices.com** and were similarly denied equal access due to the same systemic barriers.

33. Common questions of law and fact exist among the Class, including:

Whether www.outdoorvoices.com qualifies as a "public accommodation" under Title III of the ADA;

Whether Defendants' Website and retail stores constitute "places or providers of public accommodation" under the NYCHRL;

Whether the Website's persistent accessibility barriers violate the ADA by denying blind users full and equal access to Defendants' products, services, and support;

Whether the same barriers violate the NYCHRL, NYCRL, and NYSHRL by excluding blind users from meaningful participation in both the digital and physical marketplace.

34. Plaintiff's claims are typical of the Class. Like other blind individuals, he relies on screen-reading software and keyboard navigation to access online platforms and requires accessible digital interfaces to locate and shop at physical stores. He encountered the same systemic barriers—unlabeled buttons, inaccessible forms, mouse-dependent controls, unreadable product specifications, and inaccessible store locator features—that affect all Class members

35. Plaintiff will fairly and adequately represent the interests of the Class. He has retained counsel experienced in disability rights and complex class action litigation. Plaintiff has no interests antagonistic to those of the Class and seeks injunctive and declaratory relief applicable to all members.

36. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendants have acted or failed to act on grounds generally applicable to the Class, warranting injunctive relief to remediate the Website's accessibility barriers and ensure equal access to its retail stores.

37. Alternatively, certification is appropriate under Fed. R. Civ. P. 23(b)(3) because common questions of law and fact predominate over individual issues, and a class action is the most efficient and fair method for adjudicating these claims.

38. Maintaining this action as a class proceeding will promote judicial economy by avoiding duplicative litigation and ensuring uniform relief for a class likely to include hundreds, if not thousands, of blind individuals who have attempted to use **www.outdoorvoices.com** or shop at Defendants' New York retail store and faced exclusion.

**FIRST CAUSE OF ACTION**
**(Violations of the ADA, 42 U.S.C. § 12182 *et seq.)***

39. Plaintiff, EDWIN WILLIAMS, on behalf of himself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

40. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.,* provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

41. Defendants' Website that is offered as a link to the company is a service that is offered to the general public, and as such, must be equally accessible to all potential consumers.

42. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the products,

services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

43. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, inter alia:

> [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; [and] a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

44. The acts alleged herein constitute violations of Title III of the ADA and the regulations promulgated thereunder. Plaintiff, who is a member of a protected class of persons under the ADA, has a physical disability that substantially limits his major life activity of sight within the meaning of 42 U.S.C. §§ 12102(1)(A)-(2)(A). Furthermore, Plaintiff has been denied full and equal access to the Website, has not been provided services that are provided to other patrons who are not disabled, and has been provided services that are inferior to the services provided to non-disabled persons. Defendants have failed to take any prompt and equitable steps to remedy the discriminatory conduct as the violations are ongoing.

45. Under 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff requests relief as set forth within the section **Prayer For Relief** below.

**SECOND CAUSE OF ACTION**
**(Violations of the New York City Human Rights Law)**
**("NYCHRL")**

46. Plaintiff, EDWIN WILLIAMS, on behalf of himself and the New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

47. N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful discriminatory practice for any person who is the owner, franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation: [b]ecause of any person's . . . disability . . . directly or indirectly: [t]o refuse, withhold from or deny to such person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider of public accommodation".

48. Defendants are subject to NYCHRL because it owns and operates the Website www.outdoorvoices.com, making it a "person" within the meaning of N.Y.C. Admin. Code § 8-102(1).

49. Defendants violate N.Y.C. Administrative Code § 8-107(4)(a) in refusing to update or remove access barriers to Defendants' Website, causing the Website www.outdoorvoices.com and the services integrated completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, products, and services that Defendants make available to the non-disabled public.

50. Defendants are required to "make reasonable accommodation to the needs of persons with disabilities . . . any person prohibited by the provisions of [§ 8-107 *et seq.*] from

discriminating based on disability not to provide a reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Admin. Code § 8-107(15)(a).

51. Defendants' actions constitute willful intentional discrimination against the Sub-Class based on a disability in violation of the N.Y.C. Administrative Code § 8107(4)(a) and § 8-107(15)(a), in that Defendants have:

a. constructed and maintained a Website that is inaccessible to blind class members with knowledge of the discrimination; and/or

b. constructed and maintained a Website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

c. failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

52. Defendants have failed to take any prompt and equitable steps to remedy the discriminatory conduct as these violations are ongoing.

53. As such, Defendants discriminate and will continue in the future to discriminate against Plaintiff and other members of the proposed class and subclass based on disability in the full and equal enjoyment of the products, services, facilities, privileges, advantages, accommodations and/or opportunities of the Website under N.Y.C. Administrative Code § 8-107(4)(a). Unless the Court enjoins Defendants from continuing to engage in these unlawful practices, Plaintiff and members of the Class will continue to suffer irreparable harm.

54. Defendants' actions were to violate the NYCHRL, and therefore, Plaintiff invokes the right to injunctive relief to remedy the discrimination.

55. Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense as well as punitive damages pursuant to § 8-502.

56. Plaintiff is also entitled to reasonable attorneys' fees and costs.

57. Under N.Y.C. Administrative Code § 8-120 and § 8-126 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

**THIRD CAUSE OF ACTION**
**(New York State Human Rights Law)**
**("NYSHRL")**

58. Plaintiff, EDWIN WILLIAMS, on behalf of himself and the Class and New York City Sub-Classes Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

59. At all times relevant to this action, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York Executive Law §§ 290 *et seq.*, covers the actions of the Defendants.

60. Plaintiff, at all times relevant to this action, as a result of his loss of vision, has a substantial impairment to a major life activity and is an individual with a disability under Article 15 of N.Y. Executive Law § 292(21).

61. Defendants, at all relevant times to this action, own and operate a place of public accommodation, the subject Website and retail establishments, within the meaning of Article 15 of N.Y. Executive Law § 292(9). Defendants are a "person" within the meaning

of Article 15 of N.Y. Executive Law § 292(1).

62. Plaintiff has visited the Website on a number of occasions and has encountered barriers to his access that exist.

63. Under Article 15 N.Y. Executive Law § 296(2)(a) "it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation ... because of the ... disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

64. Discrimination includes the refusal to adopt and implement reasonable modifications in policies, practices, or procedures when they are necessary to afford facilities, privileges, advantages, or accommodations to individuals with disabilities. Article 15 of N.Y. Executive Law § 296(2)(a), § 296(2)(c)(i).

65. Defendants' actions violate Article 15 of N.Y. Exec. Law § 296(2)(a) by discriminating against the Plaintiff and Subclass by (i) owning and operating a website that is inaccessible to disabled individuals who are sight-impaired and cannot discern the content thereof without the use of a screen-reading program; (ii) by not removing access barriers to its Website in order to make accessibility features of the sites known to disabled individuals who are sight-impaired; and (iii) by refusing to modify the Website when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities. This inaccessibility denies disabled individuals who are sight-impaired full, and equal access to the facilities, goods, and services that the Defendants make available to individuals who are not disabled and can see without the need of a screen-reading program or other similar device. Article

15 of N.Y. Exec. Law § 296(2)(c).

66. The Defendants' discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden." Article 15 of N.Y. Exec. Law § 296(2)(c).

67. Established guidelines exist for making websites accessible to disabled individuals. The International Website Standards Organization, the Worldwide Consortium, known throughout the world as "W3C," has published version 2.1 of the Web Content Accessibility Guidelines ("WCAG 2.1"). WCAG 2.1 is well-established guideline for making websites accessible to the blind and visually impaired people. These guidelines are universally followed by most large business entities and government agencies to ensure websites are accessible.

68. Defendants have intentionally and willfully discriminated against the Plaintiff and Subclass and violation of the New York State Human Rights Law, Article 15 of N.Y. Exec. Law § 296(2) and the discrimination continues to date.

69. Absent injunctive relief, Defendants' discrimination will continue against Plaintiff and Subclass, causing irreparable harm.

70. Plaintiff and the Subclass are therefore entitled to compensatory damages, civil penalties, and fines for every discriminatory act in addition to reasonable attorney fees and costs and disbursements of this action. Article 15 of N.Y. Exec. Law §§ 297(9), 297(4)(c) *et seq.*

**<u>FOURTH CAUSE OF ACTION</u>**
**(Violation of New York State Civil Rights)**
**("NYCRL")**

71. Plaintiff, EDWIN WILLIAMS, on behalf of himself and the New York City Subclass Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

72. Plaintiff served notice thereof upon the New York State Attorney General, as required by N.Y. Civil Rights Law § 41.

73. Persons within New York State are entitled to full and equal accommodations, advantages, facilities, and privileges of places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No person, being the owner of a place of public accommodation, shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities, and privileges thereof. N.Y. Civ. Rights Law § 40.

74. No person because of disability, as defined in § 292(21) of the Executive Law, shall be subjected to any discrimination in his or her civil rights by person or by any firm, corporation, or institution, or by the state or any agency or subdivision. N.Y. Civ. Rights Law ("NYCRL") § 40-c.

75. § 292 of Article 15 of the N.Y. Executive Law deems a disability a physical, mental, or medical impairment resulting from anatomical, physiological, genetic, or neurological conditions that prevent the exercise of a normal bodily function. As such, the Plaintiff is disabled under the N.Y. Civil Rights Law.

76. Defendants discriminate against the Plaintiff and Subclass under NYCRL § 40 as Defendants' Website is a place of public accommodation that does not provide full and equal accommodation, advantages, facilities, and privileges to all persons and discriminates against disabled individuals who are sight impaired.

77. Defendants intentionally and willfully failed to remove the barriers on their Website, discriminating against the Plaintiff and Subclass preventing access in violation of NYCRL § 40.

78. Defendants have failed to take any steps to halt and correct its discriminatory conduct and discriminate against the Plaintiff and the Subclass members.

79. Under N.Y. Civil Rights Law § 41, "a corporation which violates any of the provisions of §§ 40, 40-a, 40-b or 42 shall be liable for a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby… in any court of competent jurisdiction in the county in which the plaintiff or defendants shall reside." *Id..*.

80. Plaintiff and the SubClass hereby demand compensatory damages of five hundred dollars ($500.00) for the Defendants' acts of discrimination, including civil penalties and fines under N.Y. Civil Law § 40 *et seq*.

**FIFTH CAUSE OF ACTION**
**(Declaratory Relief)**

81. Plaintiff, EDWIN WILLIAMS, on behalf of himself and the Class and New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

82. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendants deny, that the Website contains access barriers denying blind customers the full and equal access to the products, services and facilities of the Website, which Defendants own, operate and control, fail to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, and N.Y.C. Admin. Code § 8-107, *et seq.*, prohibiting discrimination against the blind.

83. A judicial declaration is necessary and appropriate at this time so that each of the parties may know its respective rights and duties and act accordingly.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a. A preliminary and permanent injunction to prohibit Defendants from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

b. A preliminary and permanent injunction requiring Defendants to take all the steps necessary to make the Website fully compliant with the requirements set forth in the ADA, and the implementing regulations, so that the Website is readily accessible to and usable by blind individuals;

c. A declaration that Defendants own, maintains and/or operates the Website in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

d. An order certifying the Class and Sub-Classes under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and Plaintiff's attorneys as Class Counsel;

e. Compensatory damages in an amount to be determined by proof, including all applicable statutory and punitive damages and fines, to Plaintiff and the proposed class and subclasses for violations of civil rights under New York City Human Rights Law, the New York State Human Rights Law and the

New York State Civil Rights Law;

f. Pre-judgment and post-judgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h. Such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
April 10, 2026

Respectfully submitted,
**JOSEPH & NORINSBERG, LLC**
*/s/ Robert Schonfeld*
Robert Schonfeld, Esq
*Attorneys for Plaintiff*
825 Third Avenue, Suite 2100
New York, New York 10022
Tel. No.: (212) 227-5700
Fax No.: (212) 656-1889
rschonfeld@employeejustice.com